UNITED STATES of America,
Appellant,

v.

INTERSTATE COMMERCE COMMIS-
SION, Northern Pacific Railway Com-
pany, United States of America, Appel-
lees.

No. 16789.

United States Court of Appeals
District of Columbia Circuit.

Argued April 4, 1962.

Decided Sept. 27, 1962.

Opinion Enlarged and Rehearing
Denied Nov. 9, 1962.

Mr. Stanley M. Kolber, Attorney, De-
partment of Justice, of the bar of the
Court of Appeals of New York, pro hac
vice, by special leave of court, with whom
Mr. William H. Orrick, Jr., Asst. Atty.
Gen. at the time of argument, and
Messrs. David C. Acheson, U. S. Atty.,
and Alan S. Rosenthal, Attorney, Depart-
ment of Justice, were on the brief, for
appellant.

Mr. Arthur J. Cerra, Asst. General
Counsel, Interstate Commerce Commis-
sion, for appellee Interstate Commerce
Commission.

Mr. Robert T. Molloy, Washington, D.
C., with whom Mr. Grant W. Wiprud,
Washington, D. C., was on the brief, for
appellee Northern Pacific Railway Co.

Before EDGERTON, BAZELON and BAS-
TIAN, Circuit Judges.

PER CURIAM.

■ In 1943 the Defense Supplies Cor-
poration, a government agency, shipped
over the Northern Pacific Railway al-
cohol which was described in the bill of
lading as "alcohol * * * tax free".
It had been requisitioned by the Rus-
sian government under the lend-lease
program and was tax-free for that rea-
son. The railroad billed the government
at the rate named in item 1497 of the ap-
plicable tariff, "alcohol n. o. s." [not oth-
erwise specified]. The government paid
at the lower rate named in item 1563,
"alcohol. * * * in bond". Pursuant
to a mandate of the Court of Appeals for
the Eighth Circuit in Northern Pacific
Rwy. Co. v. United States, 213 F.2d 366,
the government petitioned the Interstate
Commerce Commission "for the sole pur-
pose of procuring a determination by
this Commission of the meaning of the
term 'in bond' as used in Item No. 1563
* * *."

The government contended that "in
bond" meant "tax free" and that the
shipment should be carried at the "in
bond" rate. But the Commission found
that by established usage it was "clear
that the term 'in bond' as used in item
1563 covers shipments which are under
bond to the government as security for

the payment of the excise tax. Here, the shipments had been taken out of storage and were no longer under bond to the government at the time of their tender to the defendant for transportation. Accordingly they were not 'in bond' as that term was and is used in item 1563. The complainant emphasizes that the value of these shipments was less than that of like shipments on which the tax had been paid, and that there was and is no transportation reason for charging a higher rate on one than on the other except the greater value in one instance than in the other and the consequent greater responsibility of the carrier in connection therewith. These facts could be given weight only under certain circumstances where ambiguity existed in tariff terminology, or where the issue was the unreasonableness of the applicable charges. Here there is no tariff ambiguity, and we have before us no issue of unreasonableness." The Commission accordingly held that item 1497 applied.

In this suit, the government seeks to set aside the Commission's orders. We think the District Court was right in denying relief.

■ In United States v. Western Pacific R. R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, on which the government relies, the question was whether steel casings containing napalm gel, "not self-igniting" because the necessary "burster charge" and fuse had not been added, were "incendiary bombs" within the meaning of a freight tariff. It does not appear that there was any established usage by which such incomplete bombs were, or were not, "incendiary bombs." The Court held that "cost-allocation" was relevant to the construction of the term "incendiary bombs" as used in the tariff. But the Court recognized that "in many instances construing the tariff does not call for examination of the underlying cost-allocation which went into the making of the tariff * * *." 352 U.S. at 69, 77 S.Ct. at 168. The Commission has applied its expert knowledge and has found that "in bond" has a settled meaning which does not apply to the shipment in suit. This finding is a reasonable one and should not be set aside. It follows that the Commission's orders should not be set aside. In *Western Pacific* the Court said "merely that where * * * cost-allocation is relevant, and where therefore the questions of construction and reasonableness are so intertwined that the same factors are determinative on both issues, then it is the Commission which must first pass on them." *Ibid.* The Court did not say that cost-allocation is relevant to the construction of a term which by settled usage has a plain and unambiguous meaning. We agree with the Commission that cost-allocation is not relevant to the construction of such a term.

Affirmed.