**UNITED STATES of America,**
**Appellant,**

v.

**INTERSTATE COMMERCE COMMIS-SION, Northern Pacific Railway Company, United States of America, Appellees.**

No. 16789.

United States Court of Appeals
District of Columbia Circuit.

Sept. 19, 1963.

Mr. Grant W. Wiprud, Washington, D. C., for appellee Northern Pac. Ry. Co.

Mr. Alan S. Rosenthal, Attorney, Department of Justice, for appellant.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BASTIAN, Circuit Judge.

PER CURIAM.

We affirmed the judgment of the District Court. 114 U.S.App.D.C. 25, 309 F.2d 645. The United States was the unsuccessful appellant.

28 U.S.C. § 2412(a) provides that "The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress." Our Rule 20(e) provides that "No costs shall be allowed in this court either for or against the United States or an officer or agency thereof, except where specially authorized by statute and directed by the court." Appellee Northern Pacific Railway Company concedes that "there is no statute applicable to the present case, authorizing the taxation of costs". Yet appellee moves for an "order taxing as costs to be borne by the appellant herein expenses which movant was compelled to bear in connection with the printing of the Joint Appendix."

Appellee cites the last sentence of our Rule 16(a): "Appellant shall print in the joint appendix the parts of the record which both parties desire printed, but if appellant considers that any parts of the record which appellee desires to print are not material to the questions presented and so notifies the appellee in writing, suitably identifying the parts, the appellee, if he wishes any of those parts printed, shall promptly arrange with appellant's printer for printing them in the joint appendix." Because some parts of the record which appellee considered material and desired to print were considered immaterial by appellant, appellee paid for printing them. Appellee seeks to recover this expense from appellant.

In opposing appellee's motion appellant says: "The amount involved ($38.-05) is relatively insignificant **and the**

**618**

Government is principally interested in obtaining a definitive ruling from this Court as to the application of Rule 20(e) to government cases in which the appellant has invoked the last sentence of Rule 16(a)." We think it clear that Rule 20(e) is fully applicable to such cases.

Motion denied.